# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**MICHAEL DAVID JONES, JR.,**
    Petitioner,

v.               Case No. 20-cv-1672

**EARNELL LUCAS,**
    Respondent.

## DECISION AND ORDER

Michael David Jones, Jr. is a state prisoner challenging his pretrial detention under 28 U.S.C. § 2241.[1] According to public, online records in Petitioner's state court case, 2020CF001662,[2] Petitioner faces multiple charges, including first-degree reckless homicide. On October 15, the case was reinstated following examination of Petitioner's competence to proceed; a motion hearing for January 25, 2021 is the next scheduled event. In challenging his detention, Petitioner claims that he was subject to unlawful surveillance, a warrantless arrest and seizure, an inaccurate/incomplete probable cause statement, and violations of his right to due process. ECF No. 1 at 10–12. As relief, Petitioner requests to be brought before a judge to review the evidence in his case, for this court review his bail, and to "bring [him] forth as soon as possible or consider release." *Id.* at 12.

I start by noting that Petitioner does not describe any appeals of these rulings, nor has the Court found any record of such using public databases. This alone warrants dismissal, as the doctrine of exhaustion of state remedies "applies to pre-trial, as well as

---

[1] Petitioner is proceeding *pro se*. A federal court is not required to construct legal arguments for a *pro se* petitioner. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). I have, however, done my best to construe petitioner's claims liberally. *See Perruquet v. Briley*, 390 F.3d 505, 512 (7th Cir. 2004).

[2] Available using the search tool at https://wscca.wicourts.gov/caseSearchPage.do.

post-trial, habeas corpus petitions." *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (citing cases). Courts in this district have consistently denied and dismissed pretrial § 2241 petitions seeking federal intervention into ongoing state proceedings for failure to exhaust state court remedies. *See, e.g., Blanck v. Waukesha Cty.*, 48 F.Supp.2d 859 (E.D. Wis. 1999); *Campbell v. Clarke*, 2006 WL 2478010 (E.D. Wis. Aug. 25, 2006); *Griffin v. Clarke*, 2007 WL 2409854 (E.D. Wis. Aug. 20, 2007); *Ferguson v. Schmidt*, 2018 WL 5634309 (E.D. Wis. Oct. 31, 2018); *Dudley v. Schmidt*, 2018 WL 6040440 (E.D. Wis. Nov. 19, 2018); *Grant v. Schmidt*, 2019 WL 927342 (E.D. Wis. Feb. 26, 2019); *Puchner v. Severson*, 2020 WL 2085277 (E.D. Wis. Apr. 30, 2020). This case is no different. Regardless, all the claims Petitioner brings can be still be addressed in the state trial court. Petitioner must exhaust all available state remedies before seeking federal habeas review.

Alternatively, when a state prisoner charged with a crime brings a federal habeas petition before he has been tried in state court, he will be found to have exhausted his state remedies only if "special circumstances" exist. *U.S. ex rel. Parish v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (citing cases). *See also Medina v. Choate*, 875 F.3d 1025, 1027–28 (10th Cir. 2017) (habeas corpus relief generally "not available to a defendant before trial, except in rare and exceptional cases") (quoting *Johnson v. Hoy*, 227 U.S. 245, 247 (1913)). Courts thus far have recognized "special circumstances" only where the petitioner faces a double jeopardy issue or alleges a speedy trial violation, *Grant*, 2019 WL 927342, at *2 (citing cases), and Petitioner raises neither claim.[3] Likewise, the

---

[3] Petitioner does not list a speedy trial violation as one of his grounds but makes passing reference in the "REQUEST FOR RELIEF" section. *See* ECF No. 1 at 12 ("Paid attorney deprived me of right to speedy trial and now my next court date is (90) ninety days away."). Wis. Stat. § 971.10 requires a trial within ninety (90) days upon demand by any party in cases involving felonies. However, federal habeas

2

*Younger* abstention doctrine requires federal courts to abstain from interfering with pending state proceedings to enforce a state's criminal laws, in large part because the ongoing state proceedings provide Petitioner a forum where he can raise the federal constitutional claims he brings in this habeas petition. *See Sweeney v. Bartow*, 612 F.3d 571, 573 (7th Cir. 2010). *See also Gakuba v. O'Brien*, 711 F.3d 751, 753 (7th Cir. 2013). Finally, I also find that Petitioner has not made the showing required by 28 U.S.C. § 2253(c)(2), and therefore I will not issue a certificate of appealability.[4]

**THEREFORE, IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** for failure to exhaust state remedies. This case is **DISMISSED**. The Clerk of Court shall enter final judgment. No certificate of appealability will issue.

**IT IS FURTHER ORDERED** that Petitioner's motion to proceed without prepayment (ECF No. 2) is **DENIED**.

Dated at Milwaukee, Wisconsin, this 10th day of November, 2020.

s/Lynn Adelman
LYNN ADELMAN
District Judge

---

relief does not lie for errors of state law, *see Burris v. Farley*, 51 F.3d 655, 659 (7th Cir. 1995) (citing cases), nor does a review of the docket in 2020CF001662 indicate that Petitioner has asserted this right, *i.e.* requested a speedy trial. Likewise, his criminal case was filed just six-and-a-half months ago, falling well short of the one-year trigger for full analysis of a federal speedy trial claim under *Barker v. Wingo*, 407 U.S. 514 (1972). *See O'Quinn v. Spiller*, 806 F.3d 974, 977 (7th Cir. 2015).

[4] Petitioner also moves to proceed without prepayment of the filing fee. ECF No. 2. However, the filing fee for a habeas corpus petition is only $5. Having reviewed the required affidavit, I am satisfied that Petitioner has sufficient assets to pay the filing fee and deny his motion accordingly.

3

Case 2:20-cv-01672-LA   Filed 11/10/20   Page 3 of 3   Document 4